1  MARGARET R. PRINZING, State Bar No. 209482
   ROBIN B. JOHANSEN, State Bar No. 79084
2  BENJAMIN N. GEVERCER, State Bar No. 322079
   OLSON REMCHO, LLP
3  1901 Harrison Street, Suite 1550
   Oakland, CA  94612
4  Phone:  (510) 346-6200
   Fax:  (510) 574-7061
5  Email:  mprinzing@olsonremcho.com

6  EDWARD J. KIERNAN, State Bar No. 189243
   OFFICE OF COUNTY COUNSEL
7  COUNTY OF SISKIYOU
   P.O. Box 659
8  205 Lane Street
   Yreka, CA  96097-0659
9  Phone:  (530) 842-8100
   Fax:  (530) 842-7032
10 Email:  ekiernan@co.siskiyou.ca.us

11 Attorneys for Respondents/Defendants
   County of Siskiyou and Sarah Collard
12
                      UNITED STATES DISTRICT COURT
13
                    EASTERN DISTRICT OF CALIFORNIA
14

15 SISKIYOU HOSPITAL, INC., dba Fairchild      No.:  2:20-CV-00487-TLN-DMC
   Medical Center, a California nonprofit public
16 benefit corporation, on behalf of itself and its   **THIRD SUPPLEMENTAL DECLARATION**
   patients,                                    **OF SARAH COLLARD IN SUPPORT OF**
                                                **DEFENDANTS COUNTY OF SISKIYOU**
17                Petitioner/Plaintiff,         **AND SARAH COLLARD'S OPPOSITION**
                                                **TO PETITIONER'S MOTION FOR**
18 vs.                                          **PRELIMINARY INJUNCTION**

19 BRADLEY GILBERT, M.D., in his official       **[Matter Submitted on June 15, 2020, with**
   capacity as the Director of the California   **Ruling Pending.]**
20 Department of Health Care Services; the
   CALIFORNIA DEPARTMENT OF HEALTH             The Honorable Troy L. Nunley
21 CARE SERVICES; SARAH COLLARD, in            Crtrm.:  2
   her official capacity as the Director of the
22 County of Siskiyou Health and Human
   Services Agency; the COUNTY OF
23 SISKIYOU, and DOES 1-20,

24                Respondents/Defendants.

25

26

27

28 THIRD SUPP DECL OF SARAH
   COLLARD ISO DEFS COUNTY OF
   SISKIYOU & SARAH COLLARD OPP
   TO PET MTN FOR PRELIM INJUNCT -
   NO. 2:20-CV-00487-TLN-DMC

## SUPPLEMENTAL DECLARATION OF SARAH COLLARD

I, Sarah Collard, declare as follows:

1.      I am the Director of the County of Siskiyou Health and Human Services Agency ("HHSA" or "Agency"), and have served in that role since April 2018.  The Agency has three divisions: Public Health, Social Services, and Behavioral Health Services.  I also serve as the Director of the Behavioral Health Services division, and have served in that role since March 2013.  In these roles, I oversee the County's policies and practices concerning both COVID-19 and individuals taken into custody pursuant to the Lanterman-Petris-Short Act because they are a danger to themselves or others ("LPS patients").  Additional details concerning my duties, background, and qualifications are included in paragraphs 1 through 3 of the Declaration of Sarah Collard in Support of Defendants' County of Siskiyou and Sarah Collard's Opposition to Petitioner's Motion for Preliminary Injunction, filed in this action on June 11, 2020 (ECF No. 22-2).

2.      I have read the Second Supplemental Declaration of Jonathon Andrus in Support of Petitioner's Motion for Preliminary Injunction, and Fairchild's Application to submit that declaration to the Court.  As I understand it, the key point of Mr. Andrus' Declaration is that Fairchild has been harmed by having to simultaneously screen and treat patients with COVID-19 and LPS patients.

3.      Mr. Andrus neglects to mention that HHSA has taken additional steps to mitigate Fairchild's burden.  In an effort to help Fairchild continue meeting the needs of all patients during the pandemic, the Agency now assigns a crisis worker to Fairchild's Emergency Department ("ED") to assist LPS patients who have been evaluated and treated, in order to provide support while the patients wait for a transfer.  Such crisis workers are now stationed at Fairchild every business day after business hours, on weekends, and on holidays.  During business hours, Agency staff responds as soon as possible.  So, while it is true that LPS patients can be resource-intensive, as Mr. Andrus states, the Agency now provides more of those resources in an effort to improve patient safety and free Fairchild staff to dedicate their time to other patients during this pandemic.  This means that in addition

THIRD SUPP DECL OF SARAH                                                   1
COLLARD ISO DEFS COUNTY OF
SISKIYOU & SARAH COLLARD OPP
TO PET MTN FOR PRELIM INJUNCT -
NO. 2:20-CV-00487-TLN-DMC

to the evaluation and treatment that the Agency has always provided to LPS patients after Fairchild medically clears them, the Agency now provides extended monitoring and crisis intervention services to patients awaiting transfer, whenever the workers are not needed elsewhere for other more urgent crisis.  In addition, when Fairchild asks the Agency for additional support to address a crisis, the Agency sends available crisis workers to Fairchild.  However, Fairchild rarely requests additional support, including during the months described in Mr. Andrus' declaration.

4.     Mr. Andrus refers in paragraph 13 of his declaration to having "inadequate staff to deal with 5150 patients."  It is therefore noteworthy that the Agency offered to provide Fairchild with the additional staffing resources described in the previous paragraph in May 2020, but it took Fairchild six months until November 10, 2020, to accept the Agency's offer of additional staff.

5.     Mr. Andrus' declaration also neglects to mention that COVID-19 is placing enormous strain not just on Fairchild, but on other hospitals in the region and on the community as a whole.  The resulting harms to the community would be exacerbated if Fairchild wins this preliminary injunction.  I have already described the harms to the patients served by HHSA in paragraph 7 of the Second Supplemental Declaration of Sarah Collard in Support of Defendants' County of Siskiyou and Sarah Collard's Opposition to Petitioner's Motion for Preliminary Injunction, filed in this action on June 11, 2020 (ECF No. 43).  Paragraphs 8 and 9 of the same declaration describe the harms to HHSA, and how those harms affect the Agency's ability to help 5150 patients.  I would add that HHSA is now also suffering staffing shortages and deepening exhaustion like the staffing shortages and exhaustion described by Mr. Andrus.

6.     In addition, Fairchild is not the only hospital in the County screening and treating COVID-19 patients.  Mercy Medical Center ("Dignity") in Mount Shasta also screens and treats COVID-19 patients, some of whom are admitted into Dignity.  Dignity is also a hospital where LPS patients in the County are brought for medical clearance, and I am aware that Dignity is also suffering from staffing shortages.  I continue to assume that my Agency would have to bring all of its LPS patients to Dignity if Fairchild's Motion for Preliminary Injunction is granted, which would merely shift Fairchild's burdens to Dignity, while worsening the circumstances of affected LPS

THIRD SUPP DECL OF SARAH COLLARD ISO DEFS COUNTY OF SISKIYOU & SARAH COLLARD OPP TO PET MTN FOR PRELIM INJUNCT - NO. 2:20-CV-00487-TLN-DMC

2

patients, as further described in paragraph 9 of my Second Supplemental Declaration (ECF No. 43). These fears remain as significant today as they were the day I signed my Second Supplemental Declaration.

7.      Mr. Andrus describes wait times for various LPS patients in Fairchild's ED from November 10, 2020, through September 30, 2021.  The Agency's records once again do not confirm all of his data.  This appears to be due to the fact that Fairchild includes the time that it takes *Fairchild* to medically clear the patient in its "length of stay" statistics.  The statistics also appear to include the time it takes *Fairchild* to discharge a patient after HHSA has completed a safety plan for that patient. As a consequence, when Mr. Andrus states that 17 patients spent 20-29 hours in Fairchild's ED during the specified time period, he has not provided specific information about how many hours HHSA spent treating these patients and transferring them to a higher level of care when appropriate.

8.      Nevertheless, it is true that COVID-19 has increased the number of LPS patients in Fairchild's ED and lengthened wait times, for reasons described in paragraph 11 of my Second Supplemental Declaration (ECF No. 43), which continue to be true.  Yet in addition, we have experienced longer wait times because inpatient psychiatric facilities have declined to admit any new patients once they identify a COVID-positive individual in the facility.  Some facilities have also reduced the overall number of patients they are willing to accept in order to implement social distancing protocols.  These factors are not within HHSA's control, and nothing in the injunction Fairchild seeks would shorten these wait times for patients.

9.      I therefore strenuously disagree with Mr. Andrus' statement that "the County's actions" have harmed Fairchild.  HHSA is working hard under difficult circumstances to help LPS patients who are experiencing a mental health crisis that threatens their own, or someone else's, life or safety.  These patients need their local hospital to help them through these crises, for their own good and the good of the entire community.

10.      Mr. Andrus states in paragraph 13 of his declaration that Fairchild has had to hire security officers because there is inadequate staff to deal with LPS patients.  The security officer roves between the hospital and Fairchild's clinic, which is across the street.  There are no 5150

THIRD SUPP DECL OF SARAH                    3
COLLARD ISO DEFS COUNTY OF
SISKIYOU & SARAH COLLARD OPP
TO PET MTN FOR PRELIM INJUNCT -
NO. 2:20-CV-00487-TLN-DMC

evaluations conducted in the clinic, which suggests that there have been issues with patients in the clinic and that violent behavior is not limited to the 5150 population.  It is important to note that Fairchild would require security officers regardless of whether it has LPS patients in the ED.  LPS patients are far from the only individuals who engage in aggressive, threatening, or violent behavior in the ED.  Indeed, there has been a recent increase in violent incidents in the County, and many of those committing such incidents are not Agency clients, and have not been subject to section 5150 holds.

11.     Finally, the number of active COVID-19 cases in the County has been declining in recent weeks from a high of 483 active cases on September 10, 2021, to 81 active cases on November 1, 2021, the day Fairchild filed its Application.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 5, 2021 in Yreka, California.

       */s/ Sarah Collard*
       SARAH COLLARD

(00450988)

THIRD SUPP DECL OF SARAH
COLLARD ISO DEFS COUNTY OF
SISKIYOU & SARAH COLLARD OPP
TO PET MTN FOR PRELIM INJUNCT -
NO. 2:20-CV-00487-TLN-DMC

4