UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISKIYOU HOSPITAL, INC., dba FAIRCHILD MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, et al.,<br><br>Defendants. | No. 2:20-cv-00487-TLN-KJN<br><br><br><br>**ORDER** |

This matter is before the Court on Defendants California Department of Health Care Services ("DHCS") and Bradley Gilbert's (collectively, "State Defendants") Motion to Dismiss (ECF No. 9), Plaintiff Siskiyou Hospital, Inc.'s ("Plaintiff") Motion for Preliminary Injunction (ECF No. 14), and Defendants County of Siskiyou and Sarah Collard's (collectively, "County Defendants") Motion for Judgment on the Pleadings (ECF No. 17). All motions have been fully briefed. For the reasons set forth below, the Court GRANTS Defendants' motions and DENIES Plaintiff's motion as moot.

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a California nonprofit public benefit corporation licensed to operate a 25-bed general acute care hospital in Yreka, California. (ECF No. 5 at 3.) It is one of two hospitals located in Siskiyou County, with the other hospital being located approximately 37 miles away near Mount Shasta. (*Id.*) Plaintiff has an emergency medicine department ("ED") that provides emergency services to the public. (*Id.*) Plaintiff alleges local law enforcement officials often bring detained individuals with mental health emergencies ("5150 patients")[1] to Plaintiff's ED, where Plaintiff must accept them under state and federal laws. (*Id.* at 2.) Plaintiff alleges these individuals are indigent and/or enrollees in California's Medicaid program, known as Medi-Cal. (*Id.*) Plaintiff alleges it provides medical care to address the patients' physical conditions, but it cannot provide necessary mental health care services because it is neither equipped nor staffed to provide such services. (*Id.*) Plaintiff alleges the County fails to provide mental health services or arrange the transfer of these patients to an appropriate psychiatric care provider in a timely manner, leaving the patients to remain in Plaintiff's ED for unduly long periods of time, sometimes days, without receiving any mental health treatment for the emergency/urgent condition. (*Id.*) Plaintiff also alleges the County refuses to reimburse Plaintiff for the care provided. (*Id.*)

Plaintiff filed the instant action in Siskiyou County Superior Court on December 12, 2019. (ECF No. 1 at 7.) On March 4, 2020, State Defendants removed the action to this Court based on federal question jurisdiction. (ECF No. 1-1 at 1.) Plaintiff filed the operative First Amended Complaint ("FAC") on March 11, 2020, asserting 16 claims against Defendants. (ECF No. 5.)

---

[1] Under California's Lanterman-Petris-Short Act: "When a person, as a result of a mental health disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer, professional person in charge of a facility designated by the county for evaluation and treatment, member of the attending staff, as defined by regulation, of a facility designated by the county for evaluation and treatment, designated members of a mobile crisis team, or professional person designated by the county may, upon probable cause, take, or cause to be taken, the person into custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention, or placement for evaluation and treatment in a facility designated by the county for evaluation and treatment and approved by the State Department of Health Care Services." Cal. Welfare & Institutions Code § 5150(a).

With the exception of a breach of contract claim against the County, all of Plaintiff's claims are brought under either 42 U.S.C. § 1983 or California Code of Civil Procedure § 1085 to compel compliance with state laws and regulations, as well as various provisions of the federal Medicaid Act. (ECF No. 5.) State Defendants filed a motion to dismiss on April 13, 2020 (ECF No. 9), Plaintiff filed a motion for preliminary injunction on May 28, 2020 (ECF No. 14), and County Defendants filed a motion for judgment on the pleadings the same day (ECF No. 17).

## II.    STANDARDS OF LAW

### A.    Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

B. <u>Motion for Judgment on the Pleadings</u>

Rule 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b)(6) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

///
///
///
///
///
///

**III.    ANALYSIS**

Defendants move to dismiss Plaintiff's claims on many grounds in their respective motions. However, the Court need not and does not address all of the parties' arguments herein. As will be discussed, the Court finds Plaintiff lacks third party standing to bring § 1983 claims on behalf of the 5150 patients and declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.[2] The Court will address third party standing and supplemental jurisdiction in turn.

A.    Third Party Standing

Defendants argue Plaintiff does not have standing to bring its § 1983 claims (Claims Nine, Ten, Eleven, Twelve, and Fourteen). (ECF No. 9-1 at 19; ECF No 17-1 at 19.) Plaintiff's § 1983 claims allege violations of the Medicaid Act, Americans with Disabilities Act, and Rehabilitation Act. (ECF No. 5.) "To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish that [it was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). The Supreme Court has established a three-part test for determining whether a statute creates a right enforceable under § 1983: (1) "Congress must have intended that the provision in question benefit the plaintiff"; (2) "the plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence"; and (3) "the statute must unambiguously impose a binding obligation on the States." *Blessing v. Freestone*, 520 U.S. 329, 340–341 (1997).

Importantly, however, Plaintiff does not allege its own standing to bring § 1983 claims. (*See* ECF No. 5 at 32–36.) Plaintiff instead asserts third party standing on behalf of its patients. (*Id.*) A litigant "generally must assert his own legal rights and interest, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (citation omitted). "This rule assumes that the party with the right has the appropriate

---

[2]    The arguments in State Defendants' motion to dismiss and County Defendants' motion for judgment on the pleadings overlap as to third party standing, and the Court intends to grant both motions on that basis. Moreover, because the Court dismisses and/or remands all Plaintiff's claims, Plaintiff's motion for preliminary injunction is moot and will not be discussed herein.

1  incentive to challenge (or not challenge) governmental action and to do so with the necessary zeal
2  and appropriate presentation." *Id.* "A litigant may assert the legal rights or interest of third
3  parties only when: (1) the litigant has suffered an injury in fact, giving him a concrete interest in
4  the outcome of the disputed issue; (2) the litigant has a close relationship to the third party; and
5  (3) the third party's ability to protect his own interests is hindered." *Shaw v. Hahn*, 56 F.3d 1128,
6  1129 n.3 (9th Cir. 1995) (citing *Singleton v. Wulff*, 428 U.S. 106, 112–116 (1976)); *see also*
7  *Powers v. Ohio*, 499 U.S. 400, 411 (1991).

8      Defendants argue Plaintiff cannot meet the second prong of the test for third party
9  standing because Plaintiff's interests are in conflict with the 5150 patients' interests. (ECF No.
10 17-1 at 21; ECF No. 30 at 14.) Under the second prong, Plaintiff must "convince the [C]ourt that
11 it would be as effective a proponent of its [patients'] rights as they would be." *Hong Kong*
12 *Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987) (citing *Singleton v. Wulff*, 428 U.S.
13 106, 114–15 (1976)). Put simply, Plaintiff must establish a "[m]utual interdependence of
14 interests" between itself and the absent third parties. *Id.* at 1082. For example, in *Hong Kong*
15 *Supermarket*, a vendor attempted to assert the rights of its customers. *Id.* The district court
16 dismissed the vendor's complaint without leave to amend for lack of third party standing. *Id.*
17 The Ninth Circuit emphasized the vendor was not a "suitable champion of its customers' rights"
18 because the vendor sought to enjoin a program that could benefit its customers. *Id.* at 1082.
19 Without a close relationship of interests, the Ninth Circuit held there was "considerable doubt"
20 about the vendor's "competence or incentive to frame the issues and present them with the
21 necessary adversarial zeal." *Id.* (citation and internal quotation marks omitted).

22     As in *Hong Kong Supermarket*, the Court has considerable doubts that Plaintiff is a
23 "suitable champion" of the 5150 patients' rights based on a glaring conflict of interest. *Id.*
24 Plaintiff requests this Court prohibit 5150 patients from being brought to Plaintiff's ED at all,
25 apparently regardless of any physical health emergency those patients may be experiencing.
26 (ECF No. 5 at 42.) Plaintiff's willingness to bar *all* 5150 patients from one of only two hospitals
27 in Siskiyou County — the second hospital being 37 miles away — despite the potential benefits
28 those patients could receive from Plaintiff for physical medical emergencies is "probative of

conflict, rather than a congruence, of interests." *Hong Kong Supermarket*, 830 F.2d at 1082. By seeking to avoid providing *any* care to these patients, Plaintiff is clearly putting its own stated interests in avoiding disruptions, safety threats, and costs above those of the 5150 patients. (*See* ECF No. 20 at 18; ECF No. 21 at 21.) Plaintiff does not directly address Defendants' concerns that the remedy sought would hinder 5150 patients' access to emergency medical care for physical needs. Rather, Plaintiff focuses on the 5150 patients' interest in adequate mental health care. (ECF No. 20 at 19.) While it is reasonable to assume 5150 patients have an interest in receiving adequate care for their mental health, it is not reasonable to assume they would necessarily put that interest above their interest in receiving care for their physical health emergencies at Plaintiff's ED. In other words, the Court is not convinced that 5150 patients would advance the same arguments or seek the same outcome as Plaintiff. *See Hong Kong Supermarket*, 830 F.2d at 1082 (concluding the goals of the litigant and the absent third parties it sought to represent were not in harmony).

Plaintiff repeatedly argues that the provider-patient relationship between itself and 5150 patients establishes a "close relationship" for the purposes of third party standing. (ECF No. 20 at 18; ECF No. 21 at 21.) However, the sole Ninth Circuit case Plaintiff cites involved a physician seeking to provide services to his patients. *See McCormack v. Herzog*, 788 F.3d 1017, 1027 (9th Cir. 2015) (concluding that a "physician intending to provide pre-viability medical abortions" had standing to challenge laws that effected the rights of his patients seeking abortions). In contrast, Plaintiff's objective is to avoid treating 5150 patients entirely. Plaintiff fails to persuade the Court that the provider-patient relationship inherently confers third party standing, especially when the provider is essentially seeking to foreclose that relationship.

For all these reasons, Plaintiff has not shown the Court that "it would be as effective a proponent of its [patients'] rights as they would be. *Hong Kong Supermarket*, 830 F.2d at 1081. Absent a close relationship, the Court finds Plaintiff does not have third party standing to assert the rights of its patients under § 1983.[3] The Court therefore DISMISSES Claims Nine, Ten,

---

[3] Because the Court finds the second prong to be dispositive, the Court need not and does not address the parties' arguments as to the third prong.

8

Eleven, Twelve, and Fourteen without leave to amend. *Id.* at 1082 (denying leave to amend because "[m]utual interdependence of interests cannot be established by post hoc editing").

### B. Supplemental Jurisdiction

Plaintiff's remaining claims are state law claims. Claim Sixteen is a breach of contract claim, and Claims One through Eight, Thirteen, and Fifteen seek writs of mandate pursuant to § 1085.[4] (ECF No. 5.) Although some of Plaintiff's § 1085 writ of mandate claims seek compliance with federal law, "[a] number of courts have held [§] 1085 does not apply to federal courts." *Theis v. Yuba Cnty. Sheriff's Dep't*, No. 2:18-cv-03278-KJM-KJN, 2019 WL 3006261, at *7 (E.D. Cal. July 10, 2019) (collecting cases); *see Hill v. Cnty. of Sacramento*, 466 Fed. Appx. 577, 579 (9th Cir. 2012) ("The district court also correctly rejected Hill's claim for a writ of mandate under Cal. Civ. Proc. Code § 1085 to compel the defendants to comply with federal regulations . . . Cal. Civ. Proc. Code § 1085 authorizes only state courts to issue writs of mandate."); *S.F. Apartment Ass'n v. City & Cty. of S.F.*, 142 F. Supp. 3d 910, 917 n.2 (N.D. Cal. 2015), *aff'd*, 881 F.3d 1169 (9th Cir. 2018) ("§ 1085 is a 'procedural mechanism,' not a substantive claim . . . [and] it does not apply in federal court"); *Mory v. City of Chula Vista*, No. 10-cv-252 JLS WVG, 2011 WL 777914, at *3 (S.D. Cal. Mar. 1, 2011)) ("The mere presence of a federal element entwined with Plaintiff's writ of mandate claims" does not establish federal jurisdiction); *Pac. Bell Tel. Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037, 1055 n.6 (N.D. Cal. 2006) (explaining a "claim for a writ of mandate is a state law claim" regardless of whether "the asserted bases for issuance of such writ are the City's alleged violations of both federal and state law").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Because subject matter jurisdiction involves a court's power to

---

[4] Section 1085 states in relevant part, "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person." Cal. Code Civ. Proc. § 1085(a).

9

hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Moreover, the Court "ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

When a federal court has dismissed all claims over which it has original jurisdiction, it may, at its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). Because this Court has dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS State Defendants' Motion to Dismiss (ECF No. 9) and County Defendants' Motion for Judgment on the Pleadings (ECF No. 17) as to Claims Nine, Ten, Eleven, Twelve, and Fourteen and DISMISSES those claims without leave to amend. Further, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and *sua sponte* REMANDS this action to Siskiyou County Superior Court. Lastly, Plaintiff's Motion for Preliminary Injunction is DENIED as moot. (ECF No. 14.)

IT IS SO ORDERED.

**DATED: January 11, 2022**

Troy L. Nunley
United States District Judge